UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

RAYMOND D. ARLOZYNSKI,

Plaintiff,

v.

CENTRAL PORTFOLIO CONTROL INC.,

Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, RAYMOND D. ARLOZYNSKI, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

4. Defendant, CENTRAL PORTFOLIO CONTROL INC., is a professional corporation and citizen of the State of Minnesota with its principal place of business at Suite 300, 6640 Shady Oak Road, Eden Prairie, Minnesota 55344.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on his residential telephone on or about the dates stated:

November 17, 2009 at 7:42 PM – No Discernable Message

November 18, 2009 at 9:58 AM – No Discernable Message

November 18, 2009 at 6:53 PM
Raymond Arlozynski, please contact James Barry at 1-800-670-2507. Again, that's 800-670-2507. I'm going to be here probably another hour, please give me a call when you get this. Thanks.

2

November 20, 2009 at 11:44 AM – No Discernable Message

November 30, 2009 at 6:09 PM – No Discernable Message

December 11, 2009 at 12:10 PM – No Discernable Message

December 22, 2009 at 8:00 PM – No Discernable Message

December 29, 2009 at 4:12 PM
This message is for Raymond Arlozynski. This is Ryan Kelly with CPC. I'm actually calling with some good news pertaining to a matter that's been in my company since November 17. You can reach me at 1-800-865-8504. Good luck.

December 31, 2009 at 9:31 AM – Pre-Recorded Message
If you are Raymond Arlozynski, please press 1. Hi, this is an important message. Please call us at 800-280-1565. Again, we have an important message for you. Please call us at 800-280-1565. Thank you. If you are Raymond Arlozynski, please press 1. Hi, this is an important message. Please call us at 800-280-1565. Again, we have an important message for you. Please call us at 800-280-1565. Thank you. If you are Raymond Arlozynski, please press 1. Hi, this is an important message. Please call us at 800-280-1565. Again, we have an important message for you. Please call us at 800-280-1565. Thank you.

December 31, 2009 at 1:59 PM – No Discernable Message

January 18, 2010 at 11:32 AM – No Discernable Message

January 19, 2010 at 3:14 PM – No Discernable Message

January 20, 2010 at 8:09 PM – No Discernable Message

January 20, 2010 at 2:39 PM – No Discernable Message

January 21, 2010 at 7:51 PM – No Discernable Message

January 22, 2010 at 10:26 AM – No Discernable Message

January 25, 2010 at 5:20 PM – No Discernable Message

January 25, 2010 at 7:41 PM – No Discernable Message

January 27, 2010 at 10:15 AM – No Discernable Message

January 27, 2010 at 12:55 PM – No Discernable Message

January 28, 2010 at 1:23 PM – No Discernable Message

January 29, 2010 at 10:19 AM – No Discernable Message

January 30, 2010 at 12:43 PM – No Discernable Message

February 1, 2010 at 12:18 PM – No Discernable Message

February 3, 2010 at 6:59 PM – No Discernable Message

February 4, 2010 at 7:10 PM – No Discernable Message

February 5, 2010 at 10:46 AM – No Discernable Message

February 12, 2010 at 12:47 PM – No Discernable Message
February 16, 2010 at 7:29 PM – No Discernable Message

February 17, 2010 at 4:21 PM – No Discernable Message

February 17, 2010 at 6:40 PM – No Discernable Message

February 18, 2010 at 1:07 PM – No Discernable Message

February 18, 2010 at 7:56 PM – No Discernable Message

February 25, 2010 at 6:26 PM – No Discernable Message

February 26, 2010 at 1:05 PM – No Discernable Message

February 26, 2010 at 3:11 PM – No Discernable Message

March 2, 2010 11:01 AM – No Discernable Message

<u>March 5, 2010 at 2:18 PM – No Discernable Message</u>

<u>March 8, 2010 at 1:37 PM – No Discernable Message</u>

<u>April 14, 2010 at 9:38 AM – No Discernable Message</u>

<u>April 14, 2010 at 6:33 PM – No Discernable Message</u>

<u>April 20, 2010 at 9:46 AM – No Discernable Message</u>

<u>April 26, 2010 at 1:05 PM – No Discernable Message</u>

<u>April 27, 2010 at 9:25 AM – No Discernable Message</u>

<u>April 29, 2010 at 1:58 PM – No Discernable Message</u>

11.  Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12.  The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div.</u>, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.  Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

14.  Plaintiff incorporates Paragraphs 1 through 13.

15. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

16. Plaintiff incorporates Paragraphs 1 through 13.

17. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

6

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

18. Plaintiff incorporates Paragraphs 1 through 13.

19. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

20. Plaintiff incorporates Paragraphs 1 through 13.

21.   Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name and that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.   Damages;

    b.   Attorney's fees, litigation expenses and costs of suit;

    c.   declaring that Defendant's practices violate the FCCPA;

    d.   permanently injoining Defendant from engaging in the complained of practices; and

    e.   Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

22.   Plaintiff incorporates Paragraphs 1 through 13.

23.   By failing to disclose its name, that it is a debt collector and the purpose of its communication, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By: _____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658